MYERS, J.,
 

 for the Court:
 

 ¶ 1. On September 17, 2009, Jeremy Catchings, Alebsion Mayor Williams, and Jerry Powell were riding bicycles to Ha-zlehurst from Crystal Springs, Mississippi, and back. Catchings was eighteen years of age, and Powell was twenty or twenty-one. Williams’s age is not stated in the record. On their way home from Hazle-hurst that evening, Catchings, who was ahead of the others, stopped at a storage yard owned by Sun Belt Heavy Haulers. While Williams and Powell rested, Catchings entered the fenced-in property and commandeered a forklift, which he used to tear down a gate leading out of the property. Catchings then took a red, 2008-model Peterbilt “heavy hauler” semi truck and drove it around the lot. After familiarizing himself with the vehicle, Catchings drove it off Sun Belt’s property and, ultimately, to Crystal Springs, where he abandoned the truck in an alley.
 

 ¶ 2. At trial, Williams and Powell testified to substantially the same events, which we have recounted above. Roger Hunt, one of the owners of Sun Belt, testified that the truck had been taken without permission and that the truck, fence, and forklift had been damaged. Jerry Spell, an investigator for the Copiah County Sheriffs Department, testified that he had interviewed Catchings, who admitted that he had taken the truck.
 

 ¶ 3. Catchings testified in his own defense. He admitted that he had taken the truck without permission but denied using the forklift or tearing down the fence. Catchings stated that he had taken the
 
 *54
 
 truck to “work some things out.” He stated that he had always intended to return the truck, but after driving it for a while he became concerned that his actions would be misinterpreted as an attempt to steal the vehicle, so he left it in Crystal Springs. Catchings denied that he ever intended to keep the truck, sell it, or otherwise permanently take it from its rightful owners.
 
 [1]
 

 ¶ 4. The jury found Catchings guilty of motor vehicle theft, and the trial court sentenced him to five years in the custody of the Mississippi Department of Corrections and to pay a fine and restitution for the property damage. The sentencing order provided that the term of imprisonment would be suspended if Catchings successfully completed the Regimented Inmate Discipline (RID) program.
 

 ¶ 5. Catchings now appeals his conviction and sentence. He is represented by the Mississippi Office of Indigent Appeals, and his attorney has filed a
 
 Lindsey
 
 brief asserting that there was no error in the trial court proceedings. ■
 
 See Lindsey v. State,
 
 939 So.2d 748 (Miss.2005).
 

 DISCUSSION
 

 ¶ 6. In
 
 Lindsey,
 
 the Mississippi Supreme Court outlined a procedure that appellate counsel must follow when counsel determines that there are no appealable issues in the record.
 
 Id.
 
 at 748 (¶ 18). The court stated as follows:
 

 (1)Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4),(7);
 
 see also [Smith v.] Robbins,
 
 528 U.S. [259, 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)] (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
 

 (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 

 (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
 

 (4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
 

 
 *55
 
 (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
 

 Lindsey,
 
 939 So.2d at 748 (¶ 18) (internal citations and footnotes omitted).
 

 ¶ 7. We find that Catchings’s attorney has complied with the requirements of
 
 Lindsey.
 
 The attorney filed a brief stating that he has “diligently searched the procedural and factual history of this criminal action and scoured the record” and found no arguable issues for appeal. The attorney specifically asserts that he has reviewed the record concerning: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible pros-ecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
 
 See Lindsey,
 
 939 So.2d at 748 (¶ 18). Counsel also states that he has informed Catchings that he found no arguable issues and that he advised Catchings of his right to file a pro se brief. Catchings did not file a pro se brief.
 

 ¶ 8. After our own review of the record, we find no issues that would require supplemental briefing. We therefore affirm Catchings’s conviction and sentence.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF MOTOR VEHICLE THEFT AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE TO BE SUSPENDED UPON COMPLETION OF THE REGIMENTED INMATE DISCIPLINE PROGRAM, AND TO PAY A $1,000 FINE AND $2,689 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The statute Catchings was prosecuted under, Mississippi Code Annotated section 97-17-42 (Supp.2010), does not require that the vehicle be taken with an intent to permanently deprive the owner of possession or ownership. It states in pertinent part:
 

 Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership ... shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than ten (10) years.