MAXWELL, J.,
for the Court:
¶ 1. Julius Federick, a/k/a J.J., appeals his robbery conviction. His counsel filed a Lindsey brief,[1] claiming there are no arguable issues for appeal. After an independent review of the record, we agree. We affirm Federick’s judgment of conviction and sentence.
BACKGROUND
¶ 2. Aldric Davis was walking home late at night when five men ambushed him and attacked him with a baseball bat, sticks, and a brick-like object. The men stole three hundred dollars in cash, a two-hundred-dollar cell phone, and a pair of Nike Shox shoes Davis was wearing.
¶ 3. Davis identified Federick as one of the robbers in a six-photo lineup. During the robbery, Davis heard another assailant refer to Federick as “J.J.” And during Federick’s arrest, the booking officer noted Federick had “J.J.” tattooed on his right bicep.
¶ 4. Federick was charged with armed robbery. At the close of trial, the jury was instructed on armed robbery and simple robbery. The jury found Federick guilty of simple robbery, and the trial court sentenced him to fifteen years’ imprisonment.
¶ 5. After an unsuccessful post-trial motion, Federick timely filed a notice of appeal. Federick’s appellate counsel, who had also represented Federick at trial, filed a Lindsey brief. Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005). Counsel represented to this court that, after a thorough review of the trial record, *122 he found no arguable issues for appeal. See id.
DISCUSSION
¶ 6. When appellate counsel determines the record shows no appealable issues, counsel must follow the procedure outlined in Lindsey:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); see also Smith v. Robbins, 528 U.S. 259, 280-81, 120 S.Ct. 746 [145 L.Ed.2d 756] (2000) (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining:
(a) the reason for the arrest and the circumstances surrounding arrest;
(b) any possible violations of the client’s right to counsel;
(c) the entire trial transcript;
(d) all rulings of the trial court;
(e) possible prosecutorial misconduct;
(f) all jury instructions;
(g) all exhibits, whether admitted into evidence or not; and
(h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Catchings v. State, 58 So.3d 53, 54-55 (¶ 6) (Miss.Ct.App.2011) (quoting Lindsey, 939 So.2d at 748 (¶ 18)).
¶ 7. By previous order, this court found the brief filed by Federick’s attorney was consistent with Lindsey’s requirements. The brief complied with Rule 28(a)(l)-(4) and (7), including a statement of the case and a statement of the facts with record citations. Counsel gave his opinion that, based on a thorough examination of the record, there are no arguable issues supporting Federick’s appeal. And counsel sent a copy of his brief to Federick, advising Federick that, while he found no arguable issues in the record, Federick had the right to file a pro se supplemental brief. Federick did not file a pro se brief.
¶ 8. We have reviewed the record and find no issue that requires supplemental briefing. Federick received proper notice of the charge of robbery, which is a lesser-included offense of armed robbery. See Fulcher v. State, 805 So.2d 556, 560 (¶ 11) (Miss.Ct.App.2001) (finding indictment charging armed robbery sufficiently charged defendant with simple robbery). The circuit court permitted Federick’s alibi witness to testify over the State’s objection that it was not sufficiently notified of this witness. The jury was properly instructed on the elements of robbery and the State’s burden of proof. The evidence was sufficient to convict Federick of robbery. And *123 Federick’s fifteen-year sentence is within the statutory maximum. See Miss.Code Ann. § 97-B-75 (Rev.2006).
¶ 9. Thus, we affirm Federick’s conviction and sentence.
¶ 10. THE JUDGMENT OF THE LE-FLORE COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LE-FLORE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005).